Herman SANDERS and Myra Sanders, Appellants,

v.

Harry C. STAFFORD et al., Appellees.

Court of Appeals of Kentucky.

May 7, 1965.

———◆———

William G. Reed, Carrollton, for appellants.

John G. Wright, Warsaw, for appellees.

CULLEN, Commissioner.

Claiming fraud, Herman Sanders and wife brought action to set aside a deed by which they had conveyed certain real estate to Harry Stafford and wife. (By way of incidental relief the action also sought to set aside a subsequent deed of the property from the Staffords to Raymond Skirvin and wife.) The court entered summary judgment dismissing the action. The Sanderses have appealed.

The record shows that by virtue of certain documents executed by the Staffords simultaneously with the execution of the deed to them (to which documents the deed to the Skirvins expressly was subordinated), the Sanderses now have all of the ownership rights in their land that they had before they gave the deed to the Staffords, except that (1) they do not have paper title (however, it will be restored to them in 1967) and (2) their tobacco base is gone.

The depositions of the Sanderses (taken on the motion for summary judgment) show beyond question that the specific and sole objective of the transaction between the Sanderses and the Staffords was to transfer the tobacco base to the Staffords (who later sold it to the Skirvins). It is clear that the complicated paper maneuvers that were engaged in, including the transfer of paper title to the Staffords, were to get around federal regulations prohibiting a direct sale of a tobacco base.

The Sanderses testified in their depositions that the Staffords represented to them that the deed they were executing was only a six-year lease of the tobacco base. However this testimony can be given no credence in view of the other testimony of the Sanderses that their aim and purpose was to sell the tobacco base, that they sought out Mr. Stafford and asked him to buy the base, and that they fixed the sale price of $300 which the Staffords paid.

■ We think the trial judge was correct in his findings that the Staffords "did only those things which were necessary to transfer ownership of the tobacco acreage allotment," that the Staffords made no misrepresentations to the Sanderses, and that the consideration paid was that requested by the Sanderses.

■ We think also that a summary judgment was proper, because there was no indication that the Sanderses would have any evidence to offer in support of their claim other than their own depositions, which instead of supporting their claim showed it had no merit.

The judgment is affirmed.